## TRASE V. MAINZ *vs.* BENEDICT B. LEDERER.

### PROVIDENCE—MAY 7, 1902.

PRESENT : Stiness, C. J., Tillinghast and Rogers, JJ.

(1) *Appellate Division.   Quorum.   New Trial.*

Gen. Laws cap. 222, § 1, as amended by Pub. Laws cap. 451, § 2, constituting an Appellate Division of the Supreme Court, limits the number of justices to four, any three of whom shall constitute a quorum. This quorum provided for by the statute is a quorum of that body and not of the whole court. Hence the number of justices of such Division cannot be added to without a violation of the statute, and a motion for a hearing of a petition for a new trial before all the justices of the Supreme Court will be denied.

TRESPASS ON THE CASE for breach of promise of marriage. Heard on motion of defendant for a rehearing, and motion denied.

PER CURIAM. The defendant's motion for a re-argument of his petition for a new trial was heard before the full Appellate Division, and, as the judges were divided, the motion was not granted. He now moves for a hearing before all the judges of the Supreme Court.

By Gen. Laws cap. 222, § 1, as amended by Pub. Laws cap. 451, § 2, it is provided that the Appellate Division " shall be held by the chief justice and three of the associate justices to be from time to time designated by the chief justice, any three of whom shall constitute a quorum for all purposes as hereinafter provided."

Among the matters reserved for the quorum of three are petitions for new trials.

In *Floyd* v. *Quinn*, 24 R. I. 147, these provisions were held

to be constitutional, under article X, section 2, of the constitution, which says : "The several courts shall have such jurisdiction as may from time to time be prescribed by law."

The defendant claims that, notwithstanding the statute, the court may, in its discretion, call in the other judges in case of a division, and relies upon the practice in the Supreme Court of the United States, where, upon even division of the justices, no judgment has been entered, but the case has been reserved for further hearing before a full court.

We do not question the propriety of such a practice, and it was frequently allowed in this court prior to the judiciary act of 1893, when the number for hearing matters of this kind was not limited by statute, the only provision being for a quorum of the court.

(1) The constitution of an Appellate Division, however, limited the number, first to three and then to four ; and the quorum provided for in the statute was a quorum of that body and not of the whole court. This, we understand, limits the number of the Appellate Division to four. Consequently we cannot add to the number without violating the statute. Such an addition would leave the decision with judges of the Common Pleas Division instead of those of the Appellate Division, as required by statute. It is not, therefore, a motion open to our discretion. The difference in the constitution of the two Divisions is significant. Gen. Laws cap. 223, does not limit the number of the Common Pleas Division, but provides that it may be held " by some one or more of the justices of the Supreme Court ; " while chapter 222, as amended, is : " The Appellate Division shall be held by the chief justice and three of the associate justices," three of whom are a quorum. The evident intention is that the Appellate Division shall not consist of more than four.

The motion is denied.

*Franklin P. Owen,* for plaintiff.
*Miller & Carroll,* for defendant.